Denis Shmidt (CA Bar No. 267987)
dshmidt@orsusgate.com
Nabil Bisharat (CA Bar No. 270305)
nbisharat@orsusgate.com
Jennifer Haidar (CA Bar No. 337558)
jhaidar@orsusgate.com
ORSUS GATE LLP
16 N. Marengo Avenue, Suite 316
Pasadena, CA 91101
Telephone: (415) 326-3558

Robert Schultz (MO Bar No. 35329) (*pro hac vice forthcoming*)
rschultz@sl-lawyers.com
SCHULTZ & ASSOCIATES LLP
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone: (636) 537-4645
Facsimile: (636) 537-2599

*Attorneys for Plaintiff*
*Porta-Fab Corporation*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PORTA-FAB CORPORATION, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) FEDERAL TRADEMARK INFRINGEMENT;** |
| ALLIED MODULAR BUILDING SYSTEMS, INC., | **AND** |
| Defendant. | **(2) FEDERAL UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant Allied Modular Building Systems, Inc. ("Allied" or "Defendant"), Plaintiff Porta-Fab Corporation ("Porta-Fab" or "Plaintiff"), alleges and states as follows:

## INTRODUCTION

1. This is a trademark infringement case involving Porta-Fab and Allied, two competing companies that are in the business of selling certain kinds of prefabricated building, with Allied infringing Porta-Fab's trademark.

2. Plaintiff Porta-Fab has trademarked its name, and its products are branded as Porta-Fab products to ensure that customers throughout the country know they are buying genuine Porta-Fab products.

3. Despite the Porta-Fab trademark, Allied has engaged in selling its own line of similar products using a "portafab" name on its products and hiring Google to manipulate online search engines to direct potential customers searching for Porta-Fab's products to Allied's website and to list and label Allied's search engine results as being for "portafab".

4. Defendant has knowingly violated Porta-Fab's trademark, and by continuing to use Porta-Fab's trademark, Defendant unfairly competed against Porta-Fab.

## THE PARTIES

5. Plaintiff Porta-Fab Corporation is a Delaware Corporation registered to do business in Missouri with its principal office and place of business located in Chesterfield, Missouri, and its registered agent located in Clayton, Missouri.

6. Porta-Fab is engaged in the business of selling prefabricated buildings, cleanrooms, and mezzanines.

7. Defendant Allied is a California corporation with its principal place of business located in Orange, California and has its registered agent located in Orange, California.

8. Defendant Allied is a competitor of Porta-Fab and Defendant Allied

1    manufactures and sells prefabricated buildings, mezzanines, and clean rooms.

2        9.    Google, **not a defendant**, was hired by Defendant Allied to

3    manipulate and mislabel Allied's internet search results so that someone searching

4    for Porta-Fab products through a "Google" search would be shown Allied's search

5    result listing mislabeled as a "portafab" listing, falsely stating that Allied was

6    advertising and selling Porta-Fab products, and Allied's internet search ad would

7    state "buy Portafab Today".

8        10.    Through the internet, and through its internet ads and search results,

9    Allied masqueraded as Porta-Fab and Allied offered and sold goods as counterfeit

10    Porta-Fab goods.

11    **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

12        11.    This Court has federal question subject matter jurisdiction pursuant to

13    28 U.S.C. §§ 1331 and 1338 because it involves trademarks and arises under the

14    Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"), and

15    specifically under section 39 of the Lanham Act, 15 U.S.C. § 1121.

16        12.    This Court also has subject matter jurisdiction pursuant to 28 U.S.C.

17    Section 1332 based on the diversity of the parties' citizenship: Porta-Fab is a

18    Delaware corporation with its principal place of business located in Missouri,

19    Defendant Allied is a California corporation with its principal place of business in

20    Orange, California.

21        13.    Subject matter jurisdiction for any of Porta-Fab's related state and

22    common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

23        14.    This Court has personal jurisdiction over Defendant Allied because

24    Allied is incorporated in California, because Defendant Allied has its principal

25    place of business located in California, and because Defendant Allied regularly

26    transacts and conducts business within California and nationwide.

27        15.    The United States District Court for the Central District of California

28    is the proper venue for this lawsuit pursuant to 28 U.S.C. §1391(b)(1) because

1  Defendant resides in California and has its principal place of business and

2  registered agent located within California, and because Defendant Allied has its

3  principal place of business located in Orange County, California, which falls

4  within the Southern Division of the Central District of California.

5  **FACTUAL ALLEGATIONS**

6  16.    Plaintiff is the owner and user of the trademark "Porta-Fab" and the

7  United States Patent and Trademark Office granted Porta-Fab the trademark of

8  "Porta-Fab" for use with modular, portable or prefabricated commercial and

9  industrial use buildings and wall sections. Porta-Fab's trademark has a serial

10 number of 73796354, a registration number of 1575003, and was registered on

11 January 2, 1990.

12 17.    Porta-Fab's trademark in "Porta-Fab" is strong and clearly identifies

13 the goods sold by Porta-Fab and is used in all or almost all Porta-Fab

14 advertisements and product labelling, and is understood by Porta-Fab's past,

15 present, and potential customers to identify Porta-Fab's goods.

16 18.    The word "portafab" is essentially identical to "porta-fab".

17 19.    A trademark protects against infringement of the word or words

18 trademarked and anything confusingly similar.

19 20.    Defendant Allied has made arrangements with Google for Allied to

20 violate and infringe Porta-Fab's trademark in the word(s) "porta-fab" by the

21 following:

22 a.  Defendant Allied arranged with Google that when customers or

23     potential customers search for "portafab" using internet browsers,

24     Defendant Allied's products are listed higher than Porta-Fab's listing

25     in the internet search results; and,

26 b.  Defendant Allied has arranged with Google that that when customers

27     or potential customers search for "portafab" using internet browsers,

28     Defendant Allied's internet search result advertising entry is titled

1    "Portafab" and indicates to consumers that Allied's products are

2    Porta-Fab products and that Allied sells Porta-Fab products;

3   c. Defendant arranged, that when customers or potential customers

4    search for "portafab" using internet browsers, Allied's internet search

5    result ad would state "Buy Portafab Today".

6  21. Two examples of search results showing Defendant Allied's

7 infringing use of Porta-Fab's name and trademark, are marked Exhibits 1 and 2,

8 and are attached to this Complaint.

9  22. When one clicks on Defendant Allied's internet search result listing,

10 which begins with the words "portafab", you are transported to Defendant Allied's

11 website.

12  23. When you click on the word "portafab" from Defendant Allied's

13 internet search result listing, you are transported to Defendant Allied's website.

14  24. Plaintiff and Defendant Allied are competitors and have been for

15 decades.

16  25. Defendant Allied is knowledgeable about Porta-Fab, its name, and

17 trademarks, because Defendant Allied has observed Porta-Fab, its products, its

18 advertising, and its marketing materials at trade shows that both parties have

19 attended, and because Defendant Allied has competed against Porta-Fab for

20 decades.

21  26. Defendant Allied is knowledgeable about Porta-Fab, its businesses, its

22 trademarked name, and the trademarks Porta-Fab uses.

23  27. Defendant Allied knew that Porta-Fab had trademarked its name, or,

24 pleading in the alternative, Defendant Allied should have checked to see if Porta-

25 Fab's name was trademarked but chose not to do so because Defendant Allied

26 decided it might not like the result of such a search.

27  28. Defendant Allied is aware of Porta-Fab and its name because both

28 Porta-Fab and Defendant Allied have competed against each other for decades.

29.    Defendant Allied's prominent display of "Portafab" at the beginning of its search results is a blatant attempt by Defendant Allied to trade on the good will of the Portafab/Porta-Fab name and to confuse the public and customers and potential customers into believing that Defendant Allied is Porta-Fab and that Defendant Allied sells Porta-Fab goods.

30.    Defendant Allied does not and has never sold Porta-Fab goods.

31.    Defendant Allied's use of Plaintiff's name and trademark, or a word so close as to be confusingly similar and essentially identical to Plaintiff's name and trademark, is likely to cause public, customer or potential customer confusion, and deceive the public, customers, and potential customers as to the source of Defendant Allied's products and leave reasonable people to believe that Defendant Allied is Plaintiff, that Defendant Allied's products are Plaintiff's, and that Allied is selling Porta-Fab goods.

32.    Defendant's use of Plaintiff's name and trademark, or, pleading in the alternative, Defendant's use of the word "portafab", which confusingly similar to Plaintiff's name and Plaintiff's trademark, is unlawful and is causing irreparable harm to Plaintiff's brand.

33.    Plaintiff brings this action at law and in equity for trademark infringement, unfair competition, and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, Plaintiff asks this Court to: (a) though a temporary restraining order, preliminary injunction, and permanent injunction to enjoin Defendant from using "Porta-Fab" or "portafab" or anything confusingly similar in its advertising, web marketing, or advertising or web search results (b) award Plaintiff monetary damages and to treble that award; (c) require Allied to disgorge all profits from sales to customers who contacted the Allied through its website; and (e) award

Plaintiff punitive damages, attorneys' fees, court costs, or, in the alternative, statutory damages.

34.     Plaintiff Porta-Fab's trademark registration is incontestable.

35.     Porta-Fab's name and trademark are well known in the prefabricated building, mezzanine, and cleanroom industries among both competitors, customers, and potential customers.

36.     Porta-Fab has used its name and trademark at least since its incorporation in 1979.

37.     Porta-Fab has for decades advertised its name and mark in the prefabricated building, mezzanine, and cleanroom industries among both competitors, customers, and potential customers.

38.     As a result of Porta-Fab's extensive use and promotion of its name and trademark, Porta-Fab has built up and now owns extremely valuable goodwill that is symbolized by the mark and its name.

39.     Prefabricated building, mezzanine, and cleanroom customers, and potential customers, have come to associate the word "portafab" with Porta-Fab.

40.     Defendant Allied hired and contracted with Google so that when customers or potential customers search for "portafab" or "portafab room" using internet browsers, Defendant Allied's products are listed higher than Porta-Fab's listing; and, Defendant Allied has arranged with Google that Defendant Allied's internet search result entry is frequently titled "Portafab Clean Rooms" or "Buy Portafab Today" and other similar terms including the word portafab.

41.     Google carried out Allied's wishes and infringements of Plaintiff's trademark.

42.     Defendant Allied monitored and directly controlled Google to infringe on Plaintiff's trademark as set forth above.

43.     Defendant had actual and constructive knowledge of the infringement of Plaintiff's trademark.

44.    In blatant disregard of Porta-Fab's rights, Defendant Allied arranged with Google to use the word "Portafab", in internet search results as set forth above.

45.    Defendant Allied knew, or should have known, of Porta-Fab and its name and mark, and intentionally misled customers and potential customers by using as in Allied's search result listing and name the word "Portafab".

46.    Defendant's wrongful acts are likely to and have caused customers and potential customers to mistakenly attribute Defendant Allied's business and products with Porta-Fab's.

47.    Defendant Allied has acted intentionally, willfully, and maliciously.

48.    Plaintiff has and will continue to incur legal fees in bringing, prosecuting, and prevailing on this lawsuit.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement)

49.    Porta-Fab repeats and incorporates by reference the allegations in the preceding paragraphs 1-48.

50.    Defendant's use of an essentially identical but at least confusingly similar imitation of Porta-Fab's name and mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant Allied's goods are manufactured or distributed by Porta-Fab, or are associated or connected with Porta-Fab, or have the sponsorship, endorsement, or approval of Porta-Fab and will cause initial interest confusion.

51.    Defendant's infringing use of "Portafab" is confusingly similar to Plaintiff's name and Plaintiff's federally registered mark in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Porta-Fab's goodwill and reputation as symbolized by Plaintiff's name and Mark, for which Porta-Fab has no adequate

1  remedy at law.

2      52.    Defendant's actions demonstrate an intentional, willful, fraudulent,

3  and malicious intent to trade on the goodwill associated with Plaintiff's name and

4  Mark to Porta-Fab's great and irreparable harm.

5      53.    Defendant caused and is likely to continue causing substantial injury

6  to the public and to Porta-Fab, and Porta-Fab is entitled to injunctive relief and to

7  recover Defendants' profits, actual damages, or in the alternative statutory

8  damages under 15 U.S.C. §1117, enhanced profits and damages, costs, and, in the

9  alternative, statutory damages and/or reasonable attorneys' fees under 15 U.S.C. §§

10  1114, 1116, and 1117.

11                        **SECOND CAUSE OF ACTION**

12                        **(Federal Unfair Competition)**

13      54.    Porta-Fab repeats and incorporates by reference the allegations in the

14  preceding paragraphs 1-53.

15      55.    Defendant's use of a confusingly similar imitation of Plaintiff's name

16  and Mark has caused and is likely to cause confusion, deception, and mistake by

17  creating the false and misleading impression that Defendant Allied's goods are

18  manufactured or distributed by Plaintiff, or are affiliated, connected, or associated

19  with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff and

20  will cause initial interest confusion.

21      56.    Defendant has made false representations, false descriptions, and false

22  designations of, on, or in connection with its goods in violation of 15 U.S.C. §

23  1125(a). Defendant's activities have caused and, unless enjoined by this Court, will

24  continue to cause a likelihood of confusion and deception of members of the trade

25  and public, and, additionally, injury to Porta-Fab's goodwill and reputation as

26  symbolized by Plaintiff's name and Mark, for which Plaintiff has no adequate

27  remedy at law.

28      57.    Defendant Allied's actions demonstrate an intentional, willful,

fraudulent, and malicious intent to trade on the goodwill associated with Plaintiff's name and Mark to the great and irreparable injury of Plaintiff.

58.    Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, statutory damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Porta-Fab Corporation prays that this Court enters judgment against Defendant Allied, and that this Court enters judgment and enjoin Defendant Allied Modular Building Systems, Inc. and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

1.    Advertising, marketing, promoting, offering for sale, distributing, or selling using the name "Portafab", "portafab" or "Porta-Fab" in connection with any of Defendant Allied's goods;

2.    Using the words Portafab, PortaFab, or Porta-Fab, or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's name or Mark on or in connection with Defendant Allied's goods;

3.    Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant Allied's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Porta-Fab's name or trademarks, trade dresses, names, or logos;

4.    Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant Allied's goods that is likely to cause confusion, mistake, deception, or public misunderstanding

that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

5.  Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant Allied's goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

6.  Passing off, palming off, or assisting in passing off or palming off Defendant Allied's goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

7.  Defendant Allied be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or sales contacts from Defendant's internet marketing;

8.  Porta-Fab be awarded all reasonable damages caused by the acts forming the basis of this Complaint or, in the alternative statutory damages;

9.  Based on Defendant's knowing and intentional use of a confusingly similar imitation of Plaintiff's name and Mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

10.  Defendant be required to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a);

11.  Based on Defendant's willful and deliberate infringement and/or dilution of the Plaintiff's name and Mark, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

12.  Plaintiff be awarded prejudgment and post-judgment interest on all

monetary awards; and

13.    Plaintiff be granted such other and further relief as the Court may deem just.

Dated:  April 4, 2023                          ORSUS GATE LLP
                                               Denis Shmidt
                                               Nabil Bisharat
                                               Jennifer Haidar

                                        By: */s/ Nabil Bisharat*
                                               Nabil Bisharat
                                               *Attorneys for Plaintiff*
                                               *Porta-Fab Corporation*

Dated:  April 4, 2023                          SCHULTZ AND ASSOCIATES LLP
                                               Robert Schultz, Esq.
                                               *(pro hac vice forthcoming)*

                                        By: */s/ Robert Schultz*
                                               Robert Schultz
                                               *Attorneys for Plaintiff*
                                               *Porta-Fab Corporation*

1

# DEMAND FOR JURY TRIAL

2      Pursuant to Local Rule 38-1, Plaintiff Porta-Fab Corporation hereby

3 demands a trial by jury.

4

5

6    Dated:  April 4, 2023

ORSUS GATE LLP

7                                   Denis Shmidt

Nabil Bisharat

8                                   Jennifer Haidar

9

By: */s/ Nabil Bisharat*

10                                  Nabil Bisharat

11                                  *Attorneys for Plaintiff*

*Porta-Fab Corporation*

12

13

14   Dated:  April 4, 2023

SCHULTZ AND ASSOCIATES LLP

15                                  Robert Schultz, Esq.

(*pro hac vice forthcoming*)

16

17                                  By: */s/ Robert Schultz*

Robert Schultz

18                                  *Attorneys for Plaintiff*

*Porta-Fab Corporation*

19

20

21

22

23

24

25

26

27

28