UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:23-cv-00593-JLS-DFM                                  Date: October 13, 2023
Title:  Porta-Fab Corporation v. Allied Modular Business Systems, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:**  (IN CHAMBERS)  ORDER (1) GRANTING DEFENDANT'S APPLICATION FOR COSTS (Doc. 64), AND (2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 66)

Before the Court are Defendant Allied Modular's (1) Application for Costs, and (2) Motion for Summary Judgment.  (Application for Costs, Doc. 64; MSJ, Doc. 66.)  Plaintiff opposed both the Application and Motion, and Defendant replied in support of its Motion.  (Costs Opp., Doc. 65; MSJ Opp., Doc. 68; MSJ Reply, Doc. 69.)  Having taken these matters under submission, the Court GRANTS Defendant's Application for Costs and DENIES Defendant's Motion for Summary Judgment.

### I.     BACKGROUND

This dispute began in September 2020 as *Porta-Fab Corporation v. Allied Modular Building Systems, Inc.* ("*Porta-Fab I*"), No. 8:20-cv-01778-JLS-DFM (C.D. Cal.).  The Court issued a Scheduling Order governing the proceedings and deadlines in *Porta-Fab I*, and the case proceeded through discovery and motion practice, including a motion for summary judgment, which the Court denied.  The Final Pretrial Conference was set for November 18, 2022.  (*Porta-Fab I*, Doc. 38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00593-JLS-DFM          Date: October 13, 2023
Title: Porta-Fab Corporation v. Allied Modular Business Systems, Inc.

In *Porta-Fab I*, the parties failed to file pretrial documents in compliance with the Court's Civil Trial Order and the Local Rules. Therefore, the Court issued an Order to Show Cause ("OSC") as to why the action should not be dismissed for failure to prosecute and/or why the parties should not be sanctioned. (*Porta-Fab I*, Doc. 51.) To discharge the OSC, the Court required a response or, if the parties intended to dismiss the case, a notice of dismissal. (*Id*.) The parties filed a Stipulation of Dismissal; the Court then discharged the OSC and closed the case. (*Porta-Fab I*, Doc. 53.)

In April 2023, Plaintiff refiled this action. Apparently, Plaintiff had not dismissed *Porta-Fab I* because the dispute had been resolved or because Plaintiff did not intend to pursue litigation, but rather because Plaintiff perceived dismissal as the easiest means of avoiding dismissal with prejudice and possible sanctions.

Accordingly, the Court took two steps. First, the Court "incorporated by reference its prior rulings and scheduling orders from *Porta-Fab I*." (Order Incorporating Prior Related Case, Doc. 18 at 2.) As a result, "all discovery and motions deadlines have passed," and "all that remains in the case is a trial." (*Id.*) Second, the Court determined that Defendant is entitled to its costs from *Porta-Fab I* under Rule 41(d). (Order re Sanctions OSC, Doc. 61 at 2.) The Court ordered Defendant to file an application for costs itemizing all costs incurred in *Porta-Fab I*. (*Id.* at 3.)

**II.      APPLICATION FOR COSTS**

The Court GRANTS Defendant's Application for Costs and awards Defendant the $9,102.11 in costs it incurred in *Porta-Fab I*.

Rule 41(d)(1) provides: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: . . . may order the plaintiff to pay all or part of the costs of that previous action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-00593-JLS-DFM　　　　　　　　　　　　　　　Date: October 13, 2023
Title: Porta-Fab Corporation v. Allied Modular Business Systems, Inc.

　　　Here, Defendant incurred $9,102.11 in costs in *Porta-Fab* I. (Application for Costs, Doc. 64 ¶ 3; Itemized Costs, Doc. 64-1.) Plaintiff argues that the Court should not award any costs and, in the alternative, that the Court should award costs only for those expenses that have no usefulness to Defendant in this subsequent litigation. (Costs Opp., Doc. 65.) The Court rejects both of Plaintiff's arguments.

　　　First, Plaintiff argues that no costs at all should be awarded—contending that "it is not improper in any way to refile the same case . . . in the same District Court" after dismissing the earlier action in response to an order to show cause arising out of a failure to prosecute. (*Id.* at 2–3.) As an initial matter, Plaintiff attempts to graft a threshold "impropriety" requirement onto a rule that does not contain one. *See* Fed. R. Civ. P 41(d) (authorizing fees where "a plaintiff who previously dismissed an action . . . files an action based on or including the same claim against the same defendant"). Moreover, the Court has already explained that it finds Plaintiff's contention of believed propriety to be both "[un]reasonable" and "close to inconceivable":

> Implicit in counsel's claimed interpretation of the OSC [in *Porta-Fab I*] is the notion that the Court was inviting him to dismiss and then re-file the case, erasing all deadlines and starting over. In the many years of issuing similar orders, this is not an interpretation the Court has ever encountered, nor does the Court find it reasonable. . . . It is close to inconceivable that an experienced attorney would interpret the order as Plaintiff did. Plaintiff's conduct not only failed to lead to the 'speedy and inexpensive determination' of this action, it also unjustifiably multiplied the time and expense involved.

((Order re Sanctions OSC, Doc. 61 at 2 (quoting Fed. R. Civ. P. 1).) Therefore, the Court rejects Plaintiff's argument that no costs should be awarded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:23-cv-00593-JLS-DFM                                  Date: October 13, 2023
Title:  Porta-Fab Corporation v. Allied Modular Business Systems, Inc.

Second, Plaintiff argues that, if the Court awards costs, it should not award those "costs associated with work that will still be useful to defendants in the instant litigation." (Costs Opp., Doc. 65 at 4 (citation omitted).)  In support, it relies on a district court decision applying a limiting rule that the Ninth Circuit announced for a different subsection of Rule 41 and for a different set of factual circumstances than this case presents.  *See id.* (citing *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996).)

Rule 41(a)(2) provides that a court may condition voluntary dismissal of an action "on terms that the court considers proper."  Interpreting that language, the Ninth Circuit has adopted a limiting principle applicable in one narrow set of circumstances: "[W]here a plaintiff seeks voluntary dismissal in one forum to pursue ***pending litigation*** against the defendant ***in another forum*** [*i.e.*, state court], . . . an award of costs [may] consist[] of those expenses incurred solely on account of the federal action."  *Koch v. Hankins*, 8 F.3d 650, 652–53 (9th Cir. 1993) (emphasis added).  The Ninth Circuit's *Koch* decision and other circuit decisions applying this limiting rule in the (a)(2) context all concerned cases in which the plaintiffs dismissed their federal-court action to continue then-pending state-court litigation.  *See id.* at 651 ("pending state court litigation between the parties"); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("The plaintiff chose instead to obtain a dismissal without prejudice in federal court and proceed against all three defendants in state court."); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981) ("the California state court proceeding [is] closely related").

The Court rejects Plaintiff's argument that the *Koch* rule applies to the award of subsection (d) costs here.  Plaintiff provides no argument in support of its request for this Court to export the *Koch* rule from subsection (a)(2), which governs conditions of dismissal in the *antecedent* case, to subsection (d), which provides the remedy in a *subsequent* case.  Nor does Plaintiff explain why the *Koch* rule should be expanded beyond its narrow factual circumstances: the dismissal of a federal-court action to consolidate litigation in another forum.  Here, *Porta-Fab I* was not dismissed for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:23-cv-00593-JLS-DFM                                              Date: October 13, 2023
Title:  Porta-Fab Corporation v. Allied Modular Business Systems, Inc.

parties to pursue litigation in a more convenient forum or for them to consolidate multiple actions in a single forum—as was the case in *Koch* and the other circuit court decisions. Instead, *Porta-Fab I* was dismissed and refiled in the very same court—simply to avoid this Court dismissing *Porta-Fab I* with prejudice for failure to prosecute (*see* Fed. R. Civ. P. 41(b)) and/or to avoid potential sanctions (*see Porta-Fab I*, Doc. 51 at 1–2).  While dismissal in *Koch* conserved the parties' resources, dismissal in *Porta-Fab I* multiplied the time and expenses required to resolve the parties' dispute.  Therefore, the *Koch* limiting rule has no bearing on the Court's award of subsection (d) costs here, and the Court rejects Plaintiff's argument to limit Defendant's recoverable costs.

### III.    Summary Judgment

The Court DENIES Defendant's Motion for Summary Judgment as untimely.  In its order incorporating *Porta Fab I*'s scheduling orders, the Court explained: "[A]ll discovery and ***motions deadlines have passed***," and "all that remains in the case is a trial."  (Order Incorporating Prior Related Case, Doc. 18 at 2 (emphasis added).)

### IV.    CONCLUSION

For the above reasons, Defendant's Application for Costs (Doc. 64) is GRANTED, and Defendant's Motion for Summary Judgment (Doc. 66) is DENIED.

Initials of Deputy Clerk: gga